UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIFFANY HSUEH,

                            Plaintiff,                15 Cv. 03401 (PAC)

     v.

THE NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES a/k/a THE DEPARTMENT OF
FINANCIAL SERVICES and ABRAHAM GUEVARA,
individually,

                           Defendants.

---

**DEFENDANT ABRAHAM GUEVARA'S MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT DFS' MOTION FOR SPOLIATION SANCTIONS**

---

                                                              Respectfully submitted,

                                                              **LAW OFFICES OF ALBERT RIZZO, P.C.**
                                                              830 Third Avenue
                                                               New York, NY 10022
                                                               (212) 679-5799
                                                               Attorneys for Defendant Abraham Guevara

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities............................................................................... | ii |
| Preliminary Statement........................................................................... | 1 |
| Statement of the Case............................................................................ | 2 |
| LEGAL ARGUMENT | |
| THE COURT HAS THE INHERENT POWER TO IMPOSE SPOLIATION SANCTIONS AGAINST PLAINTIFF............................................................ | 3 |
| A. Plaintiff Had an Obligation to Preserve the Evidence..................... | 4 |
| B. Plaintiff Destroyed the Evidence with a Culpable State of Mind......... | 6 |
| C. The Destroyed Evidence Was Relevant.......................................... | 7 |
| Conclusion.............................................................................................. | 9 |

## TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| Byrnie v. Town of Cromwell, Bd. of Educ.<br>243 F.3d 93 (2d Cir. 2001) | 3, 6 |
| Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.<br>602 F.2d 1062 (2d Cir.1979) | 7 |
| Fujitsu Ltd. v. Federal Express Corp.<br>247 F.3d 423 (2d Cir. 2001) | 4 |
| Hawley v. Mphasis Corp.<br>302 F.R.D. 37 (S.D.N.Y. 2014) | 6, 8 |
| In re: Gen. Motors LLC Ignition Switch Litig.<br>No. 14-MD-2543 (JMF), 2015 WL 9480315 (S.D.N.Y. Dec. 29, 2015) | 8 |
| Jones v. Niagara Frontier Transp. Auth.<br>836 F.2d 731 (2d Cir. 1987) | 7 |
| Kronish v. United States<br>150 F.3d 112 (2d Cir. 1998) | 7, 8 |
| McIntosh v. U.S.<br>2016 WL 1274585 (S.D.N.Y. 2016) | 3 |
| Residential Funding Corp. v. DeGeorge Fin. Corp.<br>306 F.3d 99 (2d Cir. 2002) | 3, 8 |
| Richard Green (Fine Paintings) v. McClendon<br>262 F.R.D. 284 (S.D.N.Y. 2009) | 3 |
| Shcherbakovskiy v. Seitz<br>450 F. App'x 87, 2011 WL 6185446 (2d Cir. 2011) | 7 |
| Sekisui Am. Corp. v. Hart<br>945 F.Supp.2d 494 (S.D.N.Y.2013) | 6, 8 |
| West v. Goodyear Tire & Runner Co.<br>167 F.3d 776 (2d Cir. 1999) | 3 |
| **Statutes and Rules** | |
| Fed. R. Civ. Proc. 37 | 3 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIFFANY HSUEH,

                        Plaintiff,                15 Cv. 03401 (PAC)

    v.

THE NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES a/k/a THE DEPARTMENT OF
FINANCIAL SERVICES and ABRAHAM GUEVARA,
individually,

                        Defendants.

---

## DEFENDANT ABRAHAM GUEVARA'S MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT DFS' MOTION FOR SPOLIATION SANCTIONS

### Preliminary Statement

Defendant Abraham Guevara respectfully submits this Memorandum of Law in support of defendant New York State Department of Financial Services' (the "DFS") motion for spoliation sanctions against plaintiff. For the reasons set forth in the DFS's motion papers, defendant Guevara joins in that motion.

Because plaintiff has admitted to the intentional destruction of at least one voice recorded conversation between her and the DFS' Affirmative Action Officer, Allison Clavery, defendant Guevara respectfully submits that the only issue for the Court is the appropriate sanction for plaintiff's spoliation of this evidence. Defendant Guevara requests that if the Court is not inclined to dismiss this action, that it direct an adverse inference against plaintiff at the time of trial and award defendants attorneys' fees and costs on the instant motion.

## Statement of the Case

In the interest of brevity, defendant Guevara will not reiterate those facts already recited in the DFS' initial moving Memorandum of Law. However, he adds that in her Complaint plaintiff alleges conduct on the part of defendant Guevara that purportedly constitutes sexual harassment. (Cmplt., ¶17-34; Rizzo Decl., Exh. A).[1] Mr. Guevara has denied that the conduct ever occurred, or, if it did occur, that it constituted sexual harassment.

Moreover, relevant for purposes of the instant spoliation motion from the perspective of defendant Guevara is the fact that plaintiff testified that she intentionally destroyed the recorded conversation of the last meeting she had with Alison Clavery during which she allegedly stated to Ms. Clavery that Mr. Guevara was a "physical danger" to her. (Hsueh.Tr., 210; Rizzo Decl., Exh. B).[2] Clearly, at least part of the subject matter of that discussion involved claims and allegations by plaintiff relating to Mr. Guevara's purported conduct. What she recounted that day to Ms. Clavery and what details she gave (or *did not* give) that may have affected the outcome of this case are extremely relevant to the claims and defenses of the parties, and defendants now question whether the recorded conversation that plaintiff intentionally destroyed would have revealed another set of facts, another rendition of events, or any other evidence that would have been harmful to plaintiff's case or that would have created a further issue of her credibility.

The recorded conversation occurred on January 15, 2015—precisely during the time that plaintiff had sought legal advice and had anticipated legal action against the defendants. (Huseh

---

[1] The documents referred to herein are annexed as exhibits to the supporting Declaration of Albert Rizzo, Esq., dated July 7, 2016, (the "Rizzo Decl.").

[2] References to the transcript pages of the deposition of plaintiff Tiffany Hsueh are denoted as "Hsueh Tr." and are annexed as Exhibit B to the Rizzo Decl.

2

Tr. 266-268; Rizzo Decl., Exh. B). She thereafter intentionally destroyed the recording thereafter. (Hsueh Tr. 205-206; Rizzo Decl., Exh. B).

## Argument

### THE COURT HAS THE INHERENT POWER TO IMPOSE SPOLIATION SANCTIONS AGAINST PLAINTIFF

It is well-settled in the Second Circuit that the district courts have "inherent power to regulate litigation, preserve and protect the integrity of the proceedings before it, and sanction parties for abusive practices." Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93 (2d Cir. 2001). This inherent power includes the authority to impose sanctions for "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending reasonably foreseeable litigation" West v. Goodyear Tire & Runner Co., 167 F.3d 776, 779 (2d Cir. 1999); McIntosh v. U.S., 2016 WL 1274585 (S.D.N.Y. 2016); Richard Green (Fine Paintings) v. McClendon, 262 F.R.D. 284 (S.D.N.Y. 2009)(and cases cited therein).

Whether to impose a sanction, and the severity of that sanction, requires consideration of three factors: (1) the obligation of the party having control over the evidence to preserve it at the time it was destroyed; (2) the party's culpable state of mind; and, (3) the relevance of the evidence to a contested claim or defense. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99 (2d Cir. 2002).[3]

---

[3] While the culpability standard held in Residential Funding Corp., supra, appears to have been rejected according the Advisory Notes for amended Federal Rule 37(e), which took effect December 1, 2015, the amended rule does not affect plaintiff's wrongful conduct here because first, amended Rule 37(e) applies to electronically stored information such as emails and it is not clear that it applies to traditional forms of evidence such as a voice recording; and, second, the amended rule changes the culpability standard insofar as it appears to reject authorization to give an adverse inference on a finding of negligence or gross negligence, but this is not the case in this action. Plaintiff *intentionally* destroyed the evidence and therefore the culpability standard in Residential Funding still applies.

3

A. **Plaintiff Had an Obligation to Preserve the Evidence**.

The obligation to preserve the voice recording evidence arose when plaintiff knew that it might have some relevance to her anticipated litigation against the defendants. Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423 (2d Cir. 2001). Plaintiff testified that she was anticipating filing the instant lawsuit, and actually did retain legal counsel, in December 2014 or January 2015. She testified:

> Q. When did you start thinking about filing the lawsuit in this case?
>
> A. I believe right after -- right after I was told I was to receive the final result of my sexual harassment case.
>
> Q. When was that?
>
> A. That looks like possibly early December.
>
> Q. Early December 2014?
>
> A. Early to mid December.
>
> Q. 2014?
>
> A. Yes.
>
> \* \* \* \*
>
> Q. So it was around the time that you prepared this document that we marked as Exhibit K, right?
>
> A. As I said, I completed this document July 3rd, and I had just been adding on to it.
>
> Q. And you have said that you continued adding on to it through December 2014, January 2015, right?
>
> A. Yes.

> Q. That is around the time you decided to file a lawsuit, right?
>
> A. Yes.
>
> Q. When did you hire an attorney?
>
> A. I don't remember the exact date, if it is December 2014 or January 2015.

(Huseh Tr. 266-268; Rizzo Decl., Exh. B).

Plaintiff admits to then having intentionally destroyed the evidence of the recorded conversation sometime in 2015 or 2016. Plaintiff testified:

> Q. Did you ever record these conversations with Ms. Clavery?
>
> A. No, I don't believe so.
>
> Q. You don't believe so, or do you know?
>
> A. I don't think so.
>
> Q. Is it possible that you recorded conversations with Ms. Clavery?
>
> A. It is possible.
>
> Q. Were you recording conversations that you had with Ms. Clavery?
>
> A. I don't remember. And like I deleted and lost a bunch of stuff in my files. It has been two years. I only found my health insurance records yesterday.
>
> Otherwise I would have given them to Josh before, so I might have recorded something.
>
> Q. And deleted it?
>
> A. Yes.

> Q. When would you have deleted it?
>
> A. Either the course of 2016 or 2015.

(Huseh Tr. 205-206; Rizzo Decl., Exh B).

Unquestionably, plaintiff had a duty and an obligation to preserve the evidence of her conversation with Ms. Clavery because given that she was already receiving assistance from legal counsel at the time, she knew or should have known that it was reasonably foreseeable that the recording would be relevant in future litigation and in the now pending action.

**B.     Plaintiff Destroyed the Evidence with a Culpable State of Mind.**

Plaintiff did not destroy the recording accidentally or negligently; she did it consciously and intentionally. There can be no greater evidence of a culpable state of mind than intentional destruction of evidence. See Byrnie, supra at 109. "Where a party seeks to demonstrate intent, that intent need not be directed at spoliation of evidence to the other party's detriment. Rather, any intentional destruction suffices. Hawley v. Mphasis Corp., 302 F.R.D. 37, 47 (S.D.N.Y. 2014)(citing Sekisui Am. Corp. v. Hart, 945 F.Supp.2d 494, 506 (S.D.N.Y.2013)("[A] good faith explanation for the destruction of Hart's ESI ... does not change the fact that the ESI was [intentionally] destroyed").

Further, not only was plaintiff's conduct intentional, but it cannot be said that she did not understand the benefit of preserving evidence. As the DFS argues in its initial moving Memorandum of Law at p. 9, plaintiff in fact saved a voicemail message of Mr. Guevara's on her phone, she saved a call log of telephone calls purportedly made by Mr. Guevara, she saved evidence of supposed gifts he gave her at various times, and she saved screenshots of emails (some going back to 2013). And yet she destroyed this voice recording. Why? Because the discussion she had with Ms. Clavery did not support her claims or her previous renditions of the

6

facts and events? One can only speculate at this point. And this is precisely why the courts have imposed sanctions for such willful destruction of potential evidence. Plaintiff's lame excuse that she destroyed the recording because it was supposedly not clear, does not absolve her. The alleged lack of clarity of the recording does not mean she could destroy it with impunity. Sekisui supra.

The level of intentional conduct relates to the degree of severity of the sanction to be imposed. Dismissal, for example, requires a showing of "willfulness, bad faith or any fault" on the part of the sanctioned party. Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 734 (2d Cir. 1987)(observing that in Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir.1979), the Second Circuit observed that "in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where ... they are clearly warranted"); See Shcherbakovskiy v. Seitz, 450 F. App'x 87, 88, 2011 WL 6185446 (2d Cir. 2011)(reviewing district court's imposition and choice of dismissal sanction under an abuse of discretion standard. "Whether a litigant was at fault or acted willfully or in bad faith are questions of fact, and we review the District Court's determinations for clear error").

Defendant Guevara submits that plaintiff's conduct was willful and in bad faith, and dismissal of the action is therefore warranted.

C.      **The Destroyed Evidence Was Relevant.**

A showing of relevance of the destroyed evidence to the issues and claims in the action is required. Kronish v. United States, 150 F.3d 112 (2d Cir. 1998). However, "where the destruction of evidence is found to be willful, courts presume the relevance of the destroyed

7

evidence." In re: Gen. Motors LLC Ignition Switch Litig., No. 14-MD-2543 (JMF), 2015 WL 9480315, at *3 (S.D.N.Y. Dec. 29, 2015); see Sekisui, supra at 504-05.

Moreover, it is important that this Court not hold the defendants to too strict a standard of proof regarding the likely contents of the destroyed or unavailable evidence because doing so "would subvert the ... purposes of the adverse inference, and would allow parties who have ... destroyed evidence to profit from that destruction." Residential Funding, 306 F.3d at 109 (quoting Kronisch, supra at 128); Hawley, supra at 47 (S.D.N.Y. 2014). "To shift the burden to the innocent party to describe or produce what has been lost as a result of the opposing party's willful or grossly negligent conduct is inappropriate because it incentivizes bad behavior on the part of would-be spoliators." Sekisui, supra at 509. Therefore, the showing of prejudice required by the defendants is not a high one. Kronish, supra at 127.

Of significant importance to the issue of relevance is the fact that plaintiff prepared two somewhat different written chronologies of the conduct and actions of Mr. Guevara. She testified about those differences at her deposition. (Hsueh Tr. 438-440; Rizzo Decl., Exh.B). And she testified also that the reason for recording the conversation with Ms. Clavery was because she was "being inhibited" about speaking of her sexual harassment (Hsueh Tr. 205; Rizzo Decl., Exh. B) and did not feel Ms. Clavery was responding appropriately to [her] harassment complaints." (Hsueh Tr. 206; Rizzo Decl., Exh. B). And yet in the recorded meeting conversation she also claims to have told Ms. Clavery that she felt she was in physical danger of Mr. Guevara (Hsueh Tr. 210; Rizzo Decl. Exh. B)—a purported fact that is not detailed in her previous written accounts.

The relevance of the potential evidence of the voice recorded conversation lies in the possibility of further inconsistency in the rendition described to Ms. Clavery during the recorded

8

meeting, which could have been highly relevant to the issue whether Mr. Guevara's actions even constituted sexual harassment at all. It does not take a leap of faith to accept that a recorded conversation between plaintiff and the DFS' Affirmative Action Officer, the purpose of which was to discuss the actions of an alleged harasser and the employer's investigation of the complaint, would be relevant in any claim or defense in a litigation. The absence of this recording is prejudicial to defendant Guevara.

Defendant Guevara asks this Court to dismiss this action as a result of plaintiff's contumacious conduct. If the Court, however, is not inclined to manage the litigation in such a manner, then it is respectfully requested that an adverse inference should direct the jury to infer that the recorded conversation contained damaging evidence to the plaintiff that may have absolved the defendants, and in particular, Mr. Guevara, of any wrongdoing, or made it less likely to have happened.

## Conclusion

For all of the foregoing reasons, defendant Guevara joins defendant DFS in its motion for sanctions against plaintiff, including either outright dismissal of the action or an adverse inference by way of instruction to the jury that the now destroyed recorded conversation should be presumed to have contained evidence detrimental to plaintiff's claims of harassment against defendant Guevara. Defendant also requests attorneys' fees and costs on the instant motion.

Dated: July 8, 2016

                                            Respectfully submitted,
                                            **LAW OFFICES OF ALBERT RIZZO, P.C.**

                                            By: Albert Rizzo, Esq.
                                            830 Third Avenue
                                            New York, NY 10022
                                            (212) 679-5799
                                            Attorneys for Defendant Abraham Guevara