UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/17
```

------------------------------------------------------------X

TIFFANY HSUEH,

              *Plaintiff,*

  -*against*-

THE NEW YORK STATE DEPARTMENT
OF FINANCIAL SERVICES a/k/a THE
DEPARTMENT OF FINANCIAL SERVICES
and ABRAHAM GUEVARA,

              *Defendants.*

------------------------------------------------------------X

15 Civ. 3401 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Department of Financial Services ("DFS") filed a motion for spoliation sanctions against Plaintiff Tiffany Hsueh for destroying a recording of a relevant conversation, Dkt. No. 46, and Defendant Guevara joined the motion, Dkt. No. 51. The Court subsequently granted the joint motion and held "that Defendants are entitled to their attorney's fees and costs incurred in bringing the [motion for spoliation sanctions] and in reopening discovery." Dkt. No. 112 at 12. The Court ordered Defendants to "submit documentation detailing their costs and attorney's fees associated with" the relevant tasks. *Id.*

Pursuant to the Court's order, Defendants submitted documentation in support of DFS's request for $46,548.75 and Guevara's request for $12,300.00. Dkt. Nos. 115, 116. Plaintiff objected to the requested award, contending that the requested award "far exceeds what Ms. Hsueh is able to afford." Dkt. No. 117 at 2. Plaintiff did not support her claimed financial hardship with any objective documentation. Accordingly, the Court directed Plaintiff to document her claimed

1

financial hardship. Dkt. No. 120 at 2. Plaintiff submitted proof that her monthly salary is $5,124. Dkt. No. 125 (filed under seal).

In view of the Defendants' requests and the Plaintiff's financial condition, the Court hereby imposes monetary sanctions against Ms. Hsueh in the amount of $2,562 (½ of her monthly salary). This amount is to be allocated between Defendants in proportion to the requested awards: DFS is awarded $2,026 and Guevara is awarded $536.

The Court finds that the attorneys' fees sought by Defendants are reasonable. But that is not the only issue. In determining the award of attorneys' fees, a district court should ascertain whether, "in light of [the party's] ability to pay, a lesser sum assessed would have fulfilled the ... deterrent purpose without subjecting [the party] to financial ruin." *Faraci v. Hickey-Freeman Co.*, 607 F.2d 1025, 1029 (2d Cir. 1979). "[W]hen a court awards [a party] attorney's fees, it *must* take into account the financial circumstances of the [opposing party]." *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992) (emphasis added).

Plaintiff's misconduct, while severe, cannot justify "subjecting [her] to financial ruin." *Faraci*, 607 F.2d at 1029. Ms. Hsueh has limited financial means. Her annual salary is barely more than the amount Defendants seek. Furthermore, she was taxed DFS's costs in the amount of $5,302.35, which adds burden to already strained circumstances. *See* Dkt. No. 124.

Accordingly, the Court determines that monetary sanctions in the amount of $2,562 is sufficient. Defendant DFS is awarded $2,026; and Defendant Guevara is awarded $536.

Dated: New York, New York
November 15, 2017

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

2